IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:23CR-150-1 |
| | : | |
| v. | : | |
| | : | |
| VICTORIA MARIE STONE | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, VICTORIA MARIE STONE, in her own person and through her attorney, Stacey D. Rubain, and state as follows:

1. The defendant, VICTORIA MARIE STONE, is charged in a Bill of Information in case number 1:23CR 150 1, which charges her with a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), money laundering concealment.

2. The defendant, VICTORIA MARIE STONE, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

    a. The defendant, VICTORIA MARIE STONE, understands that the statutory penalty for the Information herein is not more than twenty

years, and the maximum fine for the Information herein is $500,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, VICTORIA MARIE STONE, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    b.    The defendant, VICTORIA MARIE STONE, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c.    The defendant, VICTORIA MARIE STONE, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which she is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1).

d. The defendant, VICTORIA MARIE STONE, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, VICTORIA MARIE STONE, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status. The defendant, VICTORIA MARIE STONE, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, VICTORIA MARIE STONE, further understands that in the event she is a

3

naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against her leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Information herein, the defendant, VICTORIA MARIE STONE, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, VICTORIA MARIE STONE, is going to plead guilty to the Information herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, VICTORIA MARIE STONE, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the

4

offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

      b.    The defendant, VICTORIA MARIE STONE, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, VICTORIA MARIE STONE, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

      c.    It is agreed that the defendant, VICTORIA MARIE STONE, will waive in open court prosecution by Indictment and consent to be charged in an Information.

      d.    The defendant VICTORIA MARIE STONE, further agrees to pay restitution, as determined by the Court, to any victims harmed by the defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

      e.    The defendant, VICTORIA MARIE STONE, waives all rights, whether asserted directly or through a representative, to request or

receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    f.  Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, VICTORIA MARIE STONE, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, VICTORIA MARIE STONE, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

    g.  The defendant, VICTORIA MARIE STONE, whenever called upon to do so by the United States, agrees (1) to disclose fully and truthfully in interviews with government agents information concerning all conduct related to the Information in case number 1:23CR___ and any other crimes of which the defendant has knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones.

h. The defendant, VICTORIA MARIE STONE, agrees that all of these statements can be used against the defendant at trial if the defendant withdraws from this plea agreement or is allowed to withdraw the guilty plea. If the defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this agreement by the defendant, and the defendant shall be subject to prosecution for any federal criminal violation. Any information provided by the defendant may be used against the defendant in such a prosecution.

6. With regard to forfeiture, the United States and the defendant, VICTORIA MARIE STONE, agree as follows:

    a. The defendant, VICTORIA MARIE STONE, knowingly and voluntarily consents and agrees to forfeit to the United States any property, real or personal, involved in or traceable to the offense to which the defendant is pleading guilty, including but not limited to the following:

        1. $16,535.14 held in account ending x0675 at BankUnited, Inc.

The defendant acknowledges that the defendant's interest in the foregoing property is subject to forfeiture based on the offense to which the defendant is pleading guilty.

b. The defendant, VICTORIA MARIE STONE, agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer their interests in such property. The defendant further agrees to take necessary steps to ensure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

c. The defendant, VICTORIA MARIE STONE, further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

d. The defendant, VICTORIA MARIE STONE, knowingly and voluntarily waives her right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

e. The defendant, VICTORIA MARIE STONE, knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

f. The defendant, VICTORIA MARIE STONE, agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs,

successors and assigns.

7.  The defendant, VICTORIA MARIE STONE, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8.  The defendant, VICTORIA MARIE STONE, agrees that her debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if she is current in her payments under any Court imposed payment schedule.

9.  It is further understood that the United States and the defendant, VICTORIA MARIE STONE, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, VICTORIA MARIE STONE, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an

assessment to the Court of $100 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 23rd day of May, 2023.

SANDRA J. HAIRSTON
United States Attorney

STACEY D. RUBAIN
Attorney for Defendant

ASHLEY E. WAID
NCSB #52441
Assistant United States Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351

VICTORIA MARIE STONE
Defendant

/S/ JGM

12